*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re STANKE/FORTSON, Minors.

UNPUBLISHED
October 27, 2022

No. 361207
Kalamazoo Circuit Court
Family Division
LC No. 2020-000216-NA

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent-father appeals as of right the order of the trial court terminating his parental rights to his minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions exist), (g) (failure to provide proper care or custody), and (j) (likelihood child will be harmed if returned to parent). We affirm.

## I. FACTS

In 2020, respondents were living together with their two minor children, one a toddler and one an infant, in the home of the paternal grandmother. From April through July, 2020, police repeatedly were called to the home because of respondent-mother's mental instability and alleged domestic violence between respondents. On August 5, 2020, Child Protective Services (CPS) workers met with respondents. According to the foster care caseworker, respondent-mother appeared unable to follow the conversation and respondent-father was physically agitated and verbally aggressive, demanding that CPS leave the home. A week later, CPS again met with respondents with similar results. After the meeting, respondent-mother refused to participate in the services offered by petitioner to address the safety of the children.

Petitioner, Department of Health and Human Services (DHHS), filed a petition requesting that the trial court assume jurisdiction of the children and order respondents to participate in services, including psychological evaluations, substance abuse assessment, anger management assessment, parenting assessment, drug screening, therapy to address parenting and respondents' relationship, and Early On assessments for the children. Petitioner did not seek removal of the children at that time. At the conclusion of the preliminary hearing on the allegations of the petition, the trial court made the children temporary wards of the court. The trial court permitted the

children to remain in respondent-mother's care conditioned upon her compliance with all DHHS requested services, and ordered respondent-father to demonstrate paternity of the children.

Shortly after the preliminary hearing, both respondents tested positive for methamphetamine. A second preliminary hearing was held, at the conclusion of which the trial court removed the children from respondents' care. Thereafter, an adjudication hearing was held, during which respondent-father admitted certain allegations of the petition, including the allegation that he tested positive for methamphetamine while caring for the children and that his drug use influenced his ability to care for the children and placed them at substantial risk of harm. The trial court accepted respondent-father's plea and assumed jurisdiction of the children with respect to respondent-father. After a trial, the trial court also assumed jurisdiction of the children with respect to respondent-mother.

For the next approximately 15 months, petitioner offered respondents numerous services to assist them in reunifying with their children. Despite being ordered by the trial court to comply with the services offered, and despite respondent-father assuring the trial court that he would comply with services and become able to care for the children, he failed to do so. During a review hearing held before the trial court May 19, 2021, the foster care caseworker testified that the barriers to reunifying the children with respondent-father included respondent-father's substance use and lack of parenting skills. Petitioner provided respondent-father with drug testing, but respondent-father missed 33 of 41 drug tests during the reporting period. In the eight drug tests in which he participated, respondent-father tested positive for amphetamine, methamphetamine, and THC. Petitioner referred respondent-father for individual counseling and substance abuse counseling, but respondent-father did not participate. Respondent-father attended parenting time with the children, but sometimes became angry during visits and used profanity or left. At the conclusion of the hearing, the trial court found that respondent-father had made no progress.

At the permanency planning hearing held before the trial court August 16, 2021, the foster care caseworker testified that respondent-father had attended all but two parenting times, but sometimes appeared to be under the influence of substances during visits. During parenting time on August 3, 2021, respondent-father tested positive for methamphetamine. Of the six drug tests administered to respondent-father by the foster care caseworker during the reporting period, respondent-father tested positive for amphetamines and methamphetamines each time. Respondent-father failed to participate in random drug testing, missing over 20 drug screens during the reporting period. Petitioner referred respondent-father to parenting classes, but respondent-father failed to enroll. Respondent-father was not participating in counseling. During the reporting period, respondent-father had been charged with felony possession of methamphetamine and ecstasy, and also charged with driving with a suspended license. At the conclusion of the hearing, the trial court directed petitioner to initiate proceedings to terminate respondents' parental rights. The trial court found that petitioner made reasonable efforts to reunify the family but that respondents failed to make progress.

At the review hearing held before the trial court November 8, 2021, the foster care caseworker testified that respondent-father's barriers to reunification with the children were his substance abuse, lack of parenting skills, and lack of emotional stability. Respondent-father had been provided a psychological evaluation and had been diagnosed with moderately severe amphetamine use disorder and an unspecified personality disorder with antisocial features.

Respondent-father did not participate in counseling to rectify the barriers, was inconsistent with drug screening, and was inconsistent in attending parenting time during the reporting period.

At the review hearing held before the trial court February 1, 2022, the foster care caseworker testified that respondent-father failed to attend some of the offered parenting visits, and when attending other parenting visits was not engaged with the children. During the reporting period, respondent-father tested positive for methamphetamine and amphetamines before parenting time. Petitioner referred respondent-father to Prevention Works for parenting skills, but respondent-father did not attend.

At the time of the termination hearing held February 25, 2022, respondent-father was incarcerated in the Van Buren County Jail on charges of possession of methamphetamine. The foster care caseworker testified that respondent-father did not work toward completion of the parent agency treatment plan and did not comply with the services recommended. The recommendations of his psychological evaluation included individualized counseling and parenting skills classes, but respondent-father failed to attend. Respondent-father failed to participate in drug screening, missing almost all random screens and testing positive 27 times, primarily for methamphetamine. Respondent-father failed to participate in the recommended substance abuse treatment. He attended some parenting times with the children, but was not always engaged or appropriate with the children. Respondent-father testified, acknowledging that he failed to attend counseling, failed to participate in drug screening, and continued to use controlled substances. He testified that he currently was incarcerated for possession of methamphetamine, but was being offered the opportunity to participate in services through drug court to obtain sobriety.

At the conclusion of the termination hearing, the trial court terminated both respondents' parental rights to the children, finding that neither parent had complied with the parent agency treatment plan. With respect to respondent-father, the trial court found that clear and convincing evidence supported termination of his parental rights to the children under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). The trial court further found that termination of both respondents' parental rights was in the children's best interests under MCL 712A.19b(5). Respondent-father now appeals.

II. DISCUSSION

Respondent-father contends that the trial court's order terminating his parental rights to his minor children must be reversed because petitioner failed to make reasonable efforts to reunify him with his children. We disagree.

To preserve a challenge to the reasonableness of the petitioner's efforts toward reunification, the challenge generally must be raised at the time the services are offered, for example, by objecting to the service plan. See *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502; 358503); slip op at 1, citing *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). A later challenge during the trial court proceedings may be adequate to preserve the issue if the facts support a finding that offered services no longer were adequate. See *In re Atchley*, ___ Mich App at ___; slip op at 1. In this case, respondent-father did not challenge

before the trial court the reasonableness of petitioner's efforts to reunify him with his minor children. This issue therefore is unpreserved.

Generally, this Court reviews for clear error the trial court's decision whether reasonable reunification efforts were made. See *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). Where, as here, the respondent's challenge to the reasonableness of petitioner's efforts is unpreserved, this Court reviews the issue for plain error affecting the respondent's substantial rights, meaning an obvious error that affected the outcome of the proceedings. See *In re Baham*, 331 Mich App 737, 745; 954 NW2d 529 (2020). Reversal is not warranted unless the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (quotation marks and citation omitted).

Before seeking termination of parental rights, the DHHS generally has an affirmative duty to make reasonable efforts to reunify a parent with the child. *In re Hicks*, 500 Mich 79, 85; 893 NW2d 637 (2017), citing MCL 712A.18f(3)(b) and (c), and MCL 712A.19a(2). Absent aggravating circumstances under MCL 712A.19a(2), when a child is removed from a parent's custody, the petitioner is required to exert reasonable efforts to rectify the conditions that led to the child's removal by adopting a service plan outlining the steps that both the DHHS and the parent will take to rectify the conditions that led to the court's involvement and thereby achieve reunification. *In re Sanborn*, 337 Mich App at 258-259. "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009).

The petitioner, however, is not obligated to provide every possible service. See *In re Terry*, 240 Mich App 14, 27-28; 610 NW2d 563 (2000). Moreover, although the petitioner must expend reasonable efforts to provide services aimed at reunifying the parent and the child, the respondent parent has a "commensurate responsibility . . . to participate in the services that are offered," *In re Atchley*, ___ Mich App at ___; slip op at 2, quoting *In re Frey*, 297 Mich App at 248. The parent also must demonstrate that he or she sufficiently benefitted from the services. *In re Atchley*, ___ Mich App at ___; slip op at 2.

In this case, the barriers to reunification were respondent-father's substance use, emotional instability, and lack of parenting skills. To address those barriers, petitioner provided respondent-father with a psychological evaluation, drug testing, counseling, parenting classes, and parenting time. Respondent-father failed to participate in and benefit from the services offered. He participated in a psychological evaluation but did not follow up with services recommended as a result of the evaluation, such as substance abuse treatment. He failed to participate in drug testing, substance abuse counseling, or parenting classes. Although he participated in some parenting time with the children, he sometimes tested positive for methamphetamine and other substances when he arrived for parenting time. Respondent-father thus failed in his commensurate duty to participate in and benefit from the offered services. See *In re Atchley*, ___ Mich App at ___; slip op at 2. As a result, although petitioner offered respondent-father numerous services, at the time of termination he had made no progress toward eliminating the barriers to reunification and had created a new barrier by becoming incarcerated as a result of possession of methamphetamine.

On appeal, respondent-father argues that petitioner did not advise him of the option of participating in Family Drug Treatment Court. Respondent-father does not explain whether he

-4-

qualified for that program or whether the services offered would have differed from those offered by petitioner. Respondent-father also argues on appeal that his caseworkers changed frequently during the time that the children were in care. There is no indication in the record, however, that the frequent changes prevented petitioner from providing services to respondent-father or prevented him from participating in the services.

In sum, respondent-father raises no valid challenge to the reasonableness of the efforts of the agency. Petitioner offered respondent-father numerous services aimed at removing the barriers to his reunification with his children, but respondent-father declined to participate in the offered services. The trial court therefore did not err by finding that petitioner made reasonable efforts to reunify respondent-father with the children.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates